IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID M. SHILALA,<br>  Plaintiff, | )<br>)<br>) | C.A. No. 11-170 Erie |
| v. | )<br>) | District Judge McLaughlin |
| SCI ALBION, et al.,<br>  Defendants. | )<br>)<br>) | Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute or, alternatively, that the motions to dismiss filed by Defendant SCI-Albion [ECF No. 19] and Defendant Prison Healthcare Service [ECF No. 9] be granted.

**II. REPORT**

  **A. Procedural History**

Plaintiff David Shilala, a former state inmate, filed this *pro se* civil rights action on August 11, 2011 against Defendants SCI-Albion and Prison Health Services, Inc. (Incorrectly identified in the complaint as "Prison Healthcare Service") ("PHS"). Soon thereafter, Plaintiff was released from custody and established residence in DuBois, Pennsylvania. [See ECF No. 7, Notice of Change of Address].

On December 27, 2011, Defendant PHS filed a motion to dismiss for failure to state a claim [ECF No. 9]. Plaintiff filed a response merely seeking to change his incorrect identification of Defendant PHS's proper name, but failing to otherwise respond to the arguments raised in Defendant PHS's motion. [ECF No. 14]. Plaintiff also filed a "motion to file proposed amendment to original complaint" [ECF No. 15], which this Court denied on

1

February 16, 2012, without prejudice to Plaintiff's right to re-file said motion with the proposed amended complaint attached as an exhibit.

On March 6, 2012, Defendant SCI-Albion filed its own motion to dismiss based on Plaintiff's failure to state a cognizable case of action. [ECF No. 19]. Plaintiff has failed to file a response to this motion and has also failed to re-file a motion for leave to amend the complaint with the proposed amended complaint attached as an exhibit, despite this Court's show cause Order to do so. (See Text Order dated April 23, 2012). The show cause Order of April 23, 2012, expressly advised Plaintiff that his continued failure to file a motion for leave to amend complaint with an attached proposed amendment and/or appropriate responses to Defendants' motions to dismiss by May 14, 2012, would result in this Court's recommendation that this case by dismissed for Plaintiff's failure to prosecute. Plaintiff has failed to comply with this Court's show cause Order.

### B. Standards of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906

(3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the

3

court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion
#### 1. Failure to Prosecute

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. For the last several months, Plaintiff has taken none of the necessary steps to

prosecute this case. Plaintiff has ignored Orders of this Court, the last of which expressly stated that his case would be recommended for dismissal for failure to prosecute if he did not comply. Plaintiff is proceeding pro se and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

### 2. Failure to State Cause of Action

In the alternative, both Defendants seek dismissal of the complaint because its allegations are insufficient to state a cognizable cause of action. [ECF Nos. 9, 19]. The Court agrees.

The complaint merely alleges in conclusory fashion that Defendants violated Plaintiff's Eighth Amendment rights by their deliberate indifference and cruel and unusual punishment between the dates of May 21, 2006, and June 1, 2011. (ECF No. 3, Complaint, at Sections III and IV.A). Plaintiff also implies that Defendants retaliated against him for filing grievances. (Id. at Section V.C). There are no factual allegations set forth to support these claims. As noted earlier, this Court has given Plaintiff more than ample time to seek leave to amend his complaint by a properly filed motion with the proposed amendment attached, but Plaintiff has failed to do so. Plaintiff has also failed to file substantive responses to Defendants' motions to dismiss. Thus, the complaint is the only operative pleading in this case. As such, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," and should be dismissed accordingly. Twombly, 550 U.S. at 570.

## III CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute or, alternatively, that the motions to dismiss filed by Defendant SCI-Albion [ECF No. 19] and Defendant Prison Healthcare Service

[ECF No. 9] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 20, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge